IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GOVERNMENT OF PUERTO RICO *ex rel.* MESSO LLC,<br><br>     Plaintiff,<br><br>v.<br><br>FIRST TRANSIT OF PUERTO RICO, INC.; FIRST TRANSIT INC.; FIRST TRANSIT TRANSPORTATION, LLC; FIRST TRANSIT PARENT, INC.; FIRSTGROUP AMERICA, INC. (FGA); FIRSTGROUP AMERICA HOLDINGS, INC.; FIRSTGROUP INTERNATIONAL, INC.; FIRST STUDENT PARENT, INC.; FIRST STUDENT, INC.; FIRST STUDENT HOLDING COMPANY LLC; FIRST STUDENT SERVICES LLC; FIRST STUDENT TRANSPORTATION LLC; FIRSTGROUP AMERICA PLC; RECESS HOLDCO LLC; TRANSDEV GROUP; TRANSDEV NORTH AMERICA, INC.,<br><br>     Defendants. | CIVIL ACTION NO. 26-cv-1071<br><br>(On removal from Puerto Rico Civil Action No. SJ-2025-CV-07134 (603)) |

## NOTICE OF REMOVAL

Defendants FirstGroup America, Inc. (FGA), FirstGroup America Holdings, Inc., FirstGroup International, Inc., First Student Parent, Inc., First Student, Inc., and Recess Holdco LLC (together, "Recess Defendants"), hereby remove this action pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 from the Commonwealth of Puerto Rico Court of First Instance, San Juan Part (the "Commonwealth Court") to the United States District Court for the District of Puerto Rico. The allegations set forth in the Complaint establish that this Court has original jurisdiction over this matter because it arises under the Constitution, laws, or treaties of the United States, thereby presenting a federal question within the meaning of 28 U.S.C. § 1331.

1

In support of removal, Recess Defendants respectfully state as follows:

## I. BACKGROUND

1. On or about August 11, 2025, Plaintiff Government of Puerto Rico *ex rel.* MESSO LLC, appearing as whistleblower *qui tam* ("Relator"), filed a civil action against Defendants First Transit of Puerto Rico, Inc., First Transit Inc., First Transit Transportation, LLC, First Transit Parent, Inc., FirstGroup America, Inc. (FGA), FirstGroup America Holdings, Inc., FirstGroup International, Inc., First Student Parent, Inc., First Student, Inc., First Student Holding Company LLC, First Student Services LLC, First Student Transportation LLC, FirstGroup America PLC, Recess Holdco LLC, Transdev Group, and Transdev North America, Inc. (together, "Defendants") in the Commonwealth Court, styled *Government of Puerto Rico* ex rel., *MESSO LLC v. First Transit of Puerto Rico, Inc., et al.*, bearing Civil Action Number SJ-2025-CV-7134 (the "Complaint"). *See* Ex. A, Certified English Translation of Pls.' Compl. ("Compl.").

2. The underlying dispute arises from allegedly "false or fraudulent claims" submitted, *inter alia*, "in contravention of . . . the requirements of the federal government for contracts." *Id.* at Introduction.

3. Relator alleges that Defendants submitted claims for payment that are legally false because these claims for payment purportedly violated federal government contracting regulations, including transit regulations applicable throughout the United States. *See id.* at Introduction, ¶¶ 44–48, 50–51, 57, 72.

4. Relator's contracting allegations necessarily depend on the theory that federal law requires that federal government contracts *cannot*—by virtue of the requirements of federal regulations—be amended or extended without a new market-based competitive process. Specifically, Relator contends that the federal standards set forth "under 2 CFR § 200" demand a

market-based competitive process for any amendments or extensions to contracts relating to public transit. *Id.* ¶ 44; *see also id.* at Introduction.

5. Relator alleges that Defendants perpetrated a "large-scale fraud scheme" because they failed to comply with the federal standards set forth "under 2 CFR § 200." *Id.* at Introduction; *see also id.* ¶¶ 44–48, 50–51, 57, 72.

6. Although the Complaint asserts a single cause of action pursuant to Puerto Rico's False Claims to Government of Puerto Rico Programs, Contracts, and Services Act, 32 L.P.R.A. §§ 2931 *et seq*. ("Law 154-2018"), this commonwealth law claim is mere window dressing for the actual theory of liability. Relator contends that Defendants are liable for violating the legal requirements imposed by federal regulations on a ***federally regulated*** contract.

7. Relator seeks treble damages and civil penalties under Article 4.01 of Law 154-2018, claiming a loss to the government exceeding $85,000,000 based on invoices submitted for services rendered under these federally regulated amendments. Relator, on behalf of the Government of Puerto Rico, seeks to recover this alleged loss of over $85,000,000 in ***federal funds***. Ex. A, Compl. ¶ 46; *see also id.* at Introduction (the contract was "fully or partially funded with federal funds"); *id.* ¶ 48(7) (the parties were obligated to "adhere to federal [Federal Transit Authority ("FTA")] regulations . . . to access FTA funds.").

II. REMOVAL IS PROPER

A. **The Court Has Subject Matter Jurisdiction Pursuant To § 1331 Because There Is Federal Question Jurisdiction.**

8. Relator's claim necessarily depends on the resolution of a substantial and disputed question under federal law. 28 U.S.C. § 1331.

9. An action arises under federal law if the complaint establishes "that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire*

3

*Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 28 (1983)).  The question of federal law must be: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."  *Gunn v. Minton*, 568 U.S. 251, 258 (2013); *see also Grable & Sons Metal Prods, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).  This case satisfies all four requirements.

  1.  *Federal Issue Is Necessarily Raised.*

10. A federal issue is "necessarily raised" when it is an "essential element" of the plaintiff's claim that must be addressed to resolve the case.  *Tyngsboro Sports II Solar, LLC v. Nat'l Grid USA Serv. Co.*, 88 F.4th 58, 66 (1st Cir. 2023).

11. Here, Relator's sole cause of action under Law 154-2018 is predicated on a theory of legal falsity that necessarily turns on interpretation of federal law.  Under Section 4.01 of Law 154-2018, the Complaint alleges that invoices Defendants submitted were "false or fraudulent" because they stemmed from purportedly legally false contract amendments.  Ex. A, Compl. at Introduction.  These amendments are alleged to be legally false because they were granted "without auction . . . as required . . . federally under 2 CFR § 200."  *Id.* ¶ 44; *see also id.* at Introduction.

12. Because the underlying contract was funded by federal grants, the alleged falsity of Defendants' conduct arises directly from and can be determined only by reference to the federal regulatory framework governing those grants, including 2 C.F.R. § 200, FTA's Third Party Contracting Guidance (FTA Circular 4220.1),[1] and FTA grant agreements governing projects

---

[1] FTA, Third Party Contracting Guidance (2025), https://www.transit.dot.gov/regulations-and-guidance/fta-circulars/third-party-contracting-guidance.

financed by FTA federal funds.[2] These federal authorities do not merely inform the analysis; they supply the controlling procurement standards and constitute the operative legal benchmarks against which Defendants' conduct under the contract must be measured.

### 2.    *Federal Issue Is Disputed.*

13.    The parties fundamentally dispute the scope of administrative discretion federal law grants to federal fund recipients and the resulting liability for private contractors.  Relator argues for a restrictive interpretation that would require a new competitive auction for every amendment or modification of a federally funded contract.  *See* Ex. A, Compl. ¶¶ 44-48, 50-51, 57, 72.  Whether a contractor can commit fraud by performing pursuant to an amendment authorized under a federal grant is a question of federal law that is "the central point of dispute" in this case.  *Gunn*, 568 U.S. at 259.

### 3.    *Federal Issue Is Substantial.*

14.    The federal issue presented here is substantial because it is "important to the federal system as a whole."  *Mun. of Mayagüez v. Corporación Para el Desarrollo del Oeste, Inc.*, 726 F.3d 8, 14 (1st Cir. 2013).

15.    Specifically, this case raises a substantial question of how federally regulated transit contracts can be drafted and amended throughout the country.  Resolution of this case depends on defining the federal boundary between a new procurement requiring competitive auction and a permissible modification.  Thousands of active federal transit projects rely on these same regulatory definitions.  Thus, a state court's restrictive interpretation could retroactively

---

[2] FTA, FTA Grant Agreements (last visited Feb. 9, 2026), https://www.transit.dot.gov/funding/grantee-resources/sample-fta-agreements/fta-grant-agreements.

recharacterize permitted amendments as legally false new procurements, creating legal instability for federal grant recipients and contractors.

16. This case also raises a substantial question of federal program integrity: whether a state *qui tam* statute can be used to penalize a private contractor for an agency's administrative interpretation of federal grant obligations. If a state-law *qui tam* action can retroactively declare decade-long agency-authorized amendments as fraudulent due to alleged non-compliance with federal regulations, it creates an untenable risk for all federal contractors. Contractors could be penalized for "fraud" for following agency directives, creating a contractor liability trap that threatens federal-state infrastructure partnerships nationwide. *See One and Ken Valley Hous. Grp. v. Maine State Hous.*, 716 F.3d 218, 224-25 (1st Cir. 2013) ("The imposition of liability on Government contractors will directly affect the terms of Government contracts.") (quoting *Boyle v. United Techs Corp.*, 487 U.S. 500, 507 (1988)). Because this regulatory scheme governs hundreds of billions in federal grants,[3] judgment here would impact a "large number of cases" involving federally funded transit projects. *See Mun. of Mayagüez*, 726 F.3d at 14.

17. Furthermore, this dispute possesses "broader significance" because it seeks to bypass the centralized oversight mechanism established by the governing federal regulations. *See id*. Federal law mandates that credible evidence of "fraud" involving federal funds must be reported directly to the relevant federal agency and that agency's Inspector General. *See* 2 C.F.R. § 200.113. Whether a state *qui tam* statute can be used to circumvent these requirements for a federal grant program and independently assess fraud is a "nearly pure issue of law" that is essential to the uniform administration of federal programs nationwide. *See One and Ken Valley*

---

[3] Uniform Administrative Requirements, Cost Principles, and Audit Requirements for Federal Awards, 78 Fed. Reg. 78590 (Dec. 26, 2013), https://www.federalregister.gov/documents/2013/12/26/2013-30465/uniform-administrative-requirements-cost-principles-and-audit-requirements-for-federal-awards.

*Hous.*, 716 at 225 (internal citations omitted).

        **4.**    *Federal Issue Is Capable of Resolution Without Disrupting the Federal-State Balance.*

18.    Exercising jurisdiction here is consistent with "congressional judgment about the sound division of labor between state and federal courts." *Rhode Island Fishermen's All., Inc. v. Rhode Island Dep't Of Env't Mgmt.*, 585 F.3d 42, 51 (1st Cir. 2009) (internal citations omitted).

19.    Here, Puerto Rico's interest in enforcing Law 154-2018 does not "outweigh the federal interest in uniformity." *One and Ken Valley Hous.*, 716 F.3d at 225. Law 154-2018 specifically defines fraud to include any act that constitutes fraud under "applicable Federal" law. 32 L.P.R.A. § 2931a.

20.    Resolution by this Court would ensure consistent standards are applied to transit contractors throughout the country, and that such contractors are not subject to state-law treble damages for conduct authorized by the federal procurement framework, thereby reinforcing the harmonious application of federal and state laws, consistent with the Supremacy Clause. U.S. Const. art. VI, cl. 2.

**B.**    **Recess Defendants Have Satisfied The Procedural Requirements For Removal.**

21.    Under 28 U.S.C. § 1446(b), "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal."

22.    Plaintiff served Recess Defendants with summons and a copy of the Complaint on January 9, 2026. *See* Ex. A, Compl. and Summons. Accordingly, removal is timely under 28 U.S.C. § 1446(b)(2)(B).

23.    The United States District Court for the District of Puerto Rico embraces the county in which the state court action is now pending. Therefore, this Court is a proper venue for this action pursuant to 28 U.S.C. §§ 119, 1441(a), and 1446(a).

24.     Properly served Defendants all join in and consent to removal of this action. The consent of Transdev Group is not required because it has not been properly served. *See* 28 U.S.C. § 1446(b)(2)(A) ("[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action.").[4]

25.     28 U.S.C. § 1446(a) requires the movant to submit "a copy of all process, pleadings, and orders served upon such defendant." Recess Defendants have provided or will provide certified translations of all documents in the Commonwealth Court docket, *see* Ex. A, so that Recess Defendants have satisfied the requirements of 28 U.S.C. § 1446(a).[5]

26.     Consistent with 28 U.S.C. § 1446(d), Recess Defendants will promptly file an informative motion with the Commonwealth Court attaching this Notice of Removal and will serve a copy of the same upon the other parties in this action.

27.     Accordingly, Recess Defendants have complied with the procedural requirements to remove the case.

**WHEREFORE**, Recess Defendants respectfully request that: (i) the Court take notice of the removal of the instant action; and (ii) the case proceed as an action properly removed to this Court under 28 U.S.C. §§ 1331, 1441, and 1446.

**RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico, this 9th day of February, 2026.

---

[4] Numerous entities named as Defendants do not exist and have not been served, including, without limitation, FirstGroup America PLC, First Student Holding Company LLC, First Student Services LLC, and First Student Transportation LLC.

[5] Recess Defendants have moved for leave and an extension of time to submit certified translations of the Commonwealth Court docket.

**IT IS HEREBY CERTIFIED** that, on this same date, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of the instant filing to all CM/ECF participants in this case.

Dated: February 9, 2026

| | |
|---|---|
| **SIMPSON THACHER & BARTLETT LLP** | **O'NEILL & BORGES LLC** |

Stephen P. Blake *(pro hac vice forthcoming)*
Laura Lin *(pro hac vice forthcoming)*
One Market Plaza
Spear Tower, Suite 3800
San Francisco, CA 94105
(415) 426-7300
sblake@stblaw.com
laura.lin@stblaw.com

*s/Salvador J. Antonetti-Stutts*
Salvador J. Antonetti-Stutts
USDC-PR No. 215002

*s/ José J. Colón-García*
José J. Colón-García
USDC-PR No. 308010

*s/Aníbal A. Román-Medina*
Aníbal A. Román-Medina
USDC-PR No. 308410

250 Ave. Muñoz Rivera, Ste. 800
San Juan, P.R. 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944
Email: salvador.antonetti@oneillborges.com
jose.colon@oneillborges.com
anibal.roman@oneillborges.com

*Counsel for Defendants FirstGroup America, Inc. (FGA), FirstGroup America Holdings, Inc., FirstGroup International, Inc., First Student Parent, Inc., First Student, Inc., and Recess Holdco LLC*

**CERTIFICATE OF SERVICE**

      IT IS HEREBY CERTIFIED that on February 9, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants in this case.

                                           */s/ Aníbal A. Román-Medina*
                                           Aníbal A. Román-Medina
                                           USDC-PR No. 308410